IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MASSOUD SHARIF | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1195-L |
| | § | |
| MICHAELS STORES, INC. | § | |
| | § | |
| Defendant. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Defendant Michael Stores, Inc. has filed a combined Rule 12(c) motion for judgment on the pleadings and Rule 12(b)(6) motion to dismiss this *pro se* race, religious, and national origin discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As grounds for its motion, defendant contends that: (1) plaintiff has failed to satisfy the pleading requirements of *Twombly* and *Iqbal*; (2) plaintiff cannot establish a prima facie case of discrimination; and (3) any allegations of discrimination based on events that occurred after March 31, 2009 are outside the scope of the EEOC charge.

The court notes that defendant filed this Rule 12 motion more than *nine months* after it was served with plaintiff's complaint and more than *four months* after the expiration of the pleading deadline. Moreover, the deadline for filing dispositive motions is June 30, 2010--a little more than two months away.[1] Under these circumstances, the court determines that defendant should raise all grounds for dismissal in a Rule 56 motion instead of a Rule 12 motion.

---

[1] Defendant is not required to wait until June 30, 2010 to file a motion for summary judgment. If defendant wants to file a Rule 56 motion without conducting additional discovery, it may do so at any time.

## **RECOMMENDATION**

Defendant's Rule 12(c) motion for judgment on the pleadings and Rule 12(b)(6) motion to dismiss [Doc. #16] should be denied without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 21, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE